## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**GENARO SANCHEZ**
916 Robeson Street
Reading, PA 19604

       *Plaintiff,*

       vs.

**YUASA BATTERY, INC.**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

       *Defendant.*

NO. _____

CIVIL ACTION

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Genaro Sanchez, by and through undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.    Plaintiff has initiated this action to redress violations by Defendant of, *inter alia,* the Americans with Disabilities Act ("ADA" - 42 U.S.C. 12101 et seq.), the Family and Medical Leave Act ("FMLA" - 29 USC 2601 et seq.) and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff was unlawfully terminated by Defendant and has suffered damages more fully described/sought herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter. Plaintiff's PHRA claims however will virtually mirror his federal claims.

## JURISDICTION AND VENUE

2.       This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.       This Court may properly maintain personal jurisdiction over each Defendant because each Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over each Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.       Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.       Plaintiff exhausted federal administrative remedies for his claims under the ADA by first dual-filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") and receiving a right to sue letter mailed on or about January 15, 2021.

6.       Plaintiff will seek leave to amend this pleading to incorporate claims under the PHRA at the end of the statutory one year waiting period required by Pennsylvania law. *See* 43 P.S. § 962(c).

## PARTIES

7.       The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.       Plaintiff is an adult individual, with an address as set forth in the caption.

9.     Defendant Yuasa Battery, Inc. ("Defendant") is a Delaware corporation with a registered agent for service of process at the above-captioned address.  Defendant is also believed to have a principal place of business at 2901 Montrose Avenue Laureldale, Pennsylvania 19605 (Berks County).

10.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for each Defendant.

## FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff was employed by Defendant as an Assembly Line Worker from approximately June 26, 2016 until approximately September 22, 2020 when he was unlawfully terminated.

13.     At all times relevant herein, Defendant was supervised by Third-Shift Supervisor Kevin Gass ("Gass").

14.     In or around June and/or July 2020, Plaintiff suffered two ("2") work related injuries resulting in arm, elbow and right shoulder pain for which was still treating as of the filing date of his EEOC charge.

15.     Plaintiff required physical therapy for his work-related injuries.

16.     After each injury, Plaintiff filed a worker's compensation claim.

17.     Plaintiff treated with Defendant's worker's compensation physicians who recommended, *inter alia*, light duty work, not lifting over ten ("10") pounds and to avoid repetitive machine work.

18.     Plaintiff experienced nothing short of blatant discrimination and retaliation due to his work injuries and/or health conditions.

19.     By way of example and without limitation, management began to exhibit frustration with Plaintiff's need to attend various medical appointments or if he needed limited time off to deal with his injuries.

20.     Additionally, after each of his work-related injuries, Plaintiff continued working but was not properly accommodated for his light duty restrictions.

21.     By way of example and without limitation, Defendant continued to require Plaintiff to perform repetitive machine work with both hands despite the fact that Plaintiff's doctor wanted him to refrain from the same for a period of time.

22.     In or around the second week of September 2019, Plaintiff was reevaluated by his own worker's compensation physician.

23.     Plaintiff's physician recommended that he undergo additional testing insofar as he was experiencing a lot of pain and discomfort.

24.     The physician also indicated that Plaintiff was to continue avoiding repetitive motion work for his right elbow and shoulder for approximately a month.

25.     Plaintiff immediately informed management who in turn expressed clear frustration for his continued request for accommodations and/or additional medical treatment.

26.     Plaintiff continued to work light duty until approximately September 19, 2020.

27.     On or about September 19, 2020, Plaintiff woke up with extreme chest and back pain. He also had difficulty breathing.

28.     Plaintiff called out of work on September 19, 2020 and informed management he was going to the emergency room.

4

29.     At the emergency room, Plaintiff was given, *inter alia*, blood tests, a CAT scan and steroids for the pain he was experiencing.

30.     Plaintiff was told at the ER to follow up with his primary physician.

31.     Plaintiff called out of work again on September 20, 2020 and indicated he would be seeing his primary physician on Monday September 21, 2020.

32.     When Plaintiff was evaluated by his primary physician on or about September 21, 2020, the physician performed blood work and other tests.

33.     The physician informed Plaintiff that his back, neck, shoulders and arm were in a constant spasm.

34.     Plaintiff informed the physician that his workers' compensation doctor recommended additional testing for the injuries and other potential underlying medical issues.

35.     Sometime in the evening on September 21, 2020, Plaintiff arrived at work with doctor's notes from his primary physician and the hospital.

36.     Plaintiff was immediately sent home and told human resources ("HR") would contact him.

37.     The next day on or about September 22, 2020, Plaintiff was called by HR and told he was being terminated for "attendance" issues despite the fact he had medical documentation to substantiate time off **and** that he had PTO time he was eligible to use.

38.     Defendant never advised Plaintiff of his rights or eligibility under the FMLA for any of the time he took off to care for his medical conditions.

39.     Defendant subjected Plaintiff to unlawful discrimination and retaliation in terminating his employment on or about September 22, 2020.

**COUNT I**
**Violations of Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**

40.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

42.     Plaintiff requested FMLA-qualified leave for medical reasons from Defendants with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

43.     Plaintiff had at least 1,250 hours of service with Defendants during his last full year of employment.

44.     Defendant is believed and therefore averred to be engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

45.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

46.     Defendant failed to advise Plaintiff of his FMLA rights.

47.     Plaintiff was terminated in close proximity to his serious health condition(s) which clearly would have entitled him to FMLA leave and/or his requests for time off which would have unquestionably been covered by the FMLA.

48.     Defendants committed clear interference and retaliation violations of the FMLA for the reasons set forth above.

49.     Plaintiff has suffered damages as set forth more fully herein.

## COUNT II
## Violations of the Americans with Disabilities Act "ADA"
## [1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate; [4] Hostile Work Environment)
## -Against All Defendants-

50.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51.     Plaintiff was terminated because of [1] his actual and/or perceived disabilities; [2] his record of impairment; [3] his requested accommodation(s), which constitutes unlawful retaliation.

52.     Defendant also failed to engage in the interactive process and otherwise failed to accommodate him.

53.     Defendant created a hostile work environment for the reasons stated above relative to his work-related injuries.

54.     These actions as aforesaid constitute violations of the ADA.

55.     Plaintiff has suffered damages as set forth more fully herein.

## COUNT III
## Common Law Wrongful Discharge

56.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57.     Upon information and belief, Plaintiff was terminated in substantial part for making claims for worker's compensation benefits and/or seeking worker's compensation benefits and/or for his work-related injuries (as discussed *supra*).

58.     It is against Pennsylvania's public policy for an employee to be terminated for making worker's compensation claims and/or seeking worker's compensation benefits. These

actions as aforesaid constitute wrongful termination in Pennsylvania.  *See Shick v. Shirey,* 552 Pa.

590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc*., 584 Pa. 297, 883 A.2d 511,

516 (2005).

    59.    The temporal proximity and retaliatory animus between Plaintiff's claims for

worker's compensation and his termination creates an inference that his termination was in

retaliation for making such claims.  These actions as aforesaid constitute wrongful termination in

Pennsylvania.

    **WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting discrimination in the

future against any employee(s);

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole

for any and all pay and benefits Plaintiff would have received had it not been for Defendant's

illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses,

insurance, benefits, training, promotions, reinstatement and seniority;

C.    Plaintiff is to be awarded liquidated damages and/or punitive damages as

appropriate, as permitted by applicable law, in an amount believed by the Court or trier of fact to

be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct

and to deter Defendant or other employers from engaging in such misconduct in the future;

D.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just,

proper and appropriate (including but not limited to damages for emotional distress, pain, suffering

and humiliation); and

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable

attorney's fees as provided by applicable federal and state law.

F.      Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:    */s/ Ari R.Karpf*_____
Ari R. Karpf, Esq.
W. Charles Sipio, Esq.
3331 Street Rd.
Bldg. 2, Ste. 128
Bensalem, PA 19020

Date: January 29, 2021

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| | : | CIVIL ACTION |
| Genaro Sanchez | : | |
| v. | : | |
| Yuasa Battery, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (X )

| | | |
|---|---|---|
| 1/29/2021 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 916 Robeson Street, Reading, PA 19604

Address of Defendant: c/o Corporation Service Company located at 251 Little Falls Drive, Wilmington, DE 19808

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☒ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☒ |

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/29/2021

*Attorney-at-Law / Pro Se Plaintiff*          ARK2484 / 91538          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 1/29/2021

*Attorney-at-Law / Pro Se Plaintiff*          ARK2484 / 91538          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SANCHEZ, GENARO

**(b)** County of Residence of First Listed Plaintiff   Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

YUASA BATTERY, INC.

County of Residence of First Listed Defendant   New Castle County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   1/29/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Print   Save As...   Reset